Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0961 | **DATE** | 2/11/2013 |
| **CASE TITLE** | Richard S. Roth (2012-0713026) v. Hull, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $41.10 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue. The Court dismisses the complaint on file without prejudice. Plaintiff must submit an amended complaint (plus a judge's copy and service copies) within 30 days of this order. The Clerk is directed to send Plaintiff an amended civil rights complaint form with instructions and a copy of this order. If Plaintiff does not timely comply with this order, this case shall be dismissed.

■[For further details see text below.]    Docketing to mail notices.

# STATEMENT

Plaintiff, Richard S. Roth, a pretrial detainee at Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $41.10. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff alleges that in July 2012, Deputy Cathy Sestak of the Glenview Police Department accepted a fax that contained Plaintiff's medical records without Plaintiff's consent. In September 2012, Julie Hull, a Cook County Public Defender received Plaintiff's medical records. Hull sent a copy of the medical records to Christopher Cooper at Cook County Forensic Clinical Services. Plaintiff alleges that he refused consent to allow the Defendants use his medical records. He alleges that because of the unauthorized "misuse" of his medical records his criminal matter has been "needlessly complicated." Plaintiff alleges that the three Defendants violated the Health Insurance Portability and Accountability Act (HIPAA).

Plaintiff's complaint fails to state a claim. Plaintiff cannot bring a claim for a violation of HIPAA as HIPAA does not furnish a private right of action. *See Carpenter v. Phillips*, No. 10-3176, 2011 WL 1740102, * 1 (7th Cir. May 4, 2011); *Acara v. Banks*, 470 F.3d 569, 570-72 (5th Cir. 2006).

Nor do Plaintiff's allegations state a claim for a violation of his constitutional right to privacy pursuant to

| STATEMENT |
|---|

42 U.S.C. § 1983. *See Wolfe v. Schaefer*, 619 F.3d 782, 785 (7th Cir. 2010). To be liable under the Civil Rights Act, an individual must have both acted under color of state law and violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). A public defender is not a state official – defense attorneys, whether state public defenders or privately retained counsel, are not "state actors" and therefore cannot be sued for damages under the Civil Rights Act. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983). Thus, Plaintiff cannot bring his suit against Public Defender Hull pursuant to Section 1983. As to the remaining Defendants, Plaintiff alleges that these individuals accepted the medical records, not that they disseminated the materials to others without his permission. Thus, he fails to state a claim against all Defendants.

Based on the above, the Court dismisses the complaint on file without prejudice. Plaintiff must submit an amended complaint on the Court's required form (if any claim actually exists).

Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

If Plaintiff fails to comply with this order within 30 days, the case will be summarily dismissed.